UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-147-FDW

| | |
|---|---|
| JOHN LEWIS WRAY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner John Lewis Wray, Jr.'s Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's "Motion to Dismiss Convictions Pursuant to G.S. 15A-630 Not Served or Obtained Legally." (Doc. No. 5.)

Petitioner is a prisoner of the State of North Carolina, who, on June 13, 2012, in Cleveland County Superior Court, was convicted after a second jury trial of possession with intent to sell or deliver ("PWISD") cocaine, sale of cocaine, and attaining habitual felon status. State v. Wray, 747 S.E.2d 133 (N.C. Ct. App. 2013). On November 25, 2013, Petitioner filed a pro se petition for writ of habeas corpus pursuant to § 2254 in this Court, challenging his 2012 judgments. Pet., Wray v. North Carolina, No. 1:13-cv-00310-FDW, Doc. No. 1. On March 11, 2014, the Court granted the respondent summary judgment and dismissed the § 2254, concluding that Petitioner's claims were factually inaccurate and procedurally barred. Order, id. at Doc. No. 15. Petitioner did not appeal the Court's dismissal of his habeas petition.

The instant Petition challenges the 2012 judgment on the same grounds raised in Petitioner's November 25, 2013 habeas petition and in all of the other habeas petitions he has

1

filed since then.[1]  Because Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file the instant Petition, as required by 28 U.S.C. § 2244(b)(3)(A), it shall be dismissed.  The Court shall also dismiss Petitioner's "Motion to Dismiss Convictions, etc.," which merely repeats the arguments made in the Petition.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized, successive petition under 28 U.S.C. § 2244(b)(3)(A);

2. The "Motion to Dismiss Convictions Pursuant to G.S. 15A-630 Not Served or Obtained Legally" (Doc. No. 5) is **DISMISSED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a

---

[1] See Wray v. Hooks, 1:17-cv-00526-CCE-JLW (M.D.N.C. dismissed July 17, 2017); Wray v. Hooks, No. 1:17-cv-00301-CCE-JLW (M.D.N.C. dismissed May 15, 2017); Wray v. Perry, No. 1:16-cv-00075-FDW (W.D.N.C. dismissed Sept. 9, 2016); Wray v. Perry, No. 1:16-cv-00055-FDW (W.D.N.C. dismissed Aug. 8, 2016); Wray v. State of North Carolina County of Cleveland, No. 1:15cv0049-FDW (W.D.N.C. dismissed Mar. 24, 2015).  See also Wray v. Hooks, 1:17-cv-00681-CCE-JLW (M.D.N.C. filed July 5, 2017) (pending).  Petitioner neither sought nor received authorization from the Fourth Circuit Court of Appeals to file any of these successive § 2254 petitions, see 28 U.S.C. § 2244(b)(3)(A).

2

Case 1:17-cv-00147-FDW    Document 13    Filed 07/25/17    Page 2 of 3

debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: July 25, 2017

Frank D. Whitney
Chief United States District Judge